Mr. Justice Moore
delivered the opinion of the Court.
This is an original proceeding upon the petition of Sam Shanks in which it is alleged that the “Defendant Court and the Defendant Judge * * * exceeded the jurisdiction of the court and abused the discretion of the court” in refusing to admit him to bail in an action pending in said court.
Shanks was named defendant in an information filed in the district court of Jefferson county, which accused him of the murder of one Robin R. Roberts. Counsel for Shanks filed a “Motion for Bail” following his arrest, in which it was alleged, inter alia:
“3. That there is no evidence which would in anywise implicate or involve the Defendant with the crime charged, other than limited circumstantial evidence, and the defendant is entitled to bail as a matter of right.
“4. That an Information was filed on August 14, 1963, charging the Defendant with murder and declaring that the crime was not bailable.
“5. That the Defendant has not confessed to any crime and alleges on information and belief that no eye witness exists which would permit the Court to impose a death penalty.
“6. That the case charged is not a capital case where the proof is evident and the presumption great.
“7. That the Defendant is unable to properly assist counsel in the preparation of a defense without the right to bail, and a.fair trial cannot be held without bail being set.”
This motion came on to be heard August 19, 1963.
It .is admitted that, no evidence was taken at that *334 “hearing”; that the district attorney who was under subpoena to testify admitted in open court that he had no evidence that Shanks had confessed the crime; that he had no “direct” evidence, and that the case was one in which only circumstantial evidence was available. Following these admissions by the district attorney the trial court entered the following order.
“THIS MATTER, coming on regularly to be heard, pursuant to notice,
“AND THE COURT having examined the file and having heard the statements of counsel,
“DOTH FIND:
“1. That the District Attorney was subpoenaed and admitted in Open Court that the case against Sam Shanks was wholly circumstantial and that there was no direct evidence or a confession or any eyewitness to the crime charged against Sam Shanks at the present time.
“2. That the District Attorney has opposed the granting of bail.
“3. That the filing of an Information is sufficient basis for the denial of bail, since it creates a presumption that the proof is evident and the presumption great of the Defendant’s guilt of a capital offense.
“THEREFORE, IT IS THE ORDER OF THE COURT that bail be denied.”
Thereafter a second application for release on bond was made by Shanks on substantially the same grounds as those urged in the first motion. On September 10, 1963, the trial court entered the following order:
“THIS MATTER coming on regularly to be heard and the Court having considered the record heretofore made and being fully advised in the premises,
“DOTH FIND:
“That the circumstances have not changed and- that bail is denied; and
“IT IS FURTHER ORDERED that any petition for rehearing on the issue of bail if filed, would be denied.”
*335 Thereupon these proceedings were instituted, our rule to show cause issued, and the respondents, appearing by the district attorney, have filed their answer in which they assert that they refused to admit Shanks to bail for the reason “that the said Sam Shanks for the purpose of proving himself qualified for bail has failed to overcome the presumption of guilt cast upon him by the filing of the information in the trial Court charging the crime of first degree murder.” It is further asserted that the admission of a person to bail under the circumstances here present is “a matter within the sound discretion of the trial Court” and, it is said, “in view of the fact that no evidence has been presented to the respondent Judge and Court, there can be no valid claim of the exercise of arbitrary and capricious discretion herein.”
The case of In Re Losasso, 15 Colo. 163, 24 Pac. 1080, is relied upon by the district attorney and no other authority is cited by him. The opinion in that case clearly indicates that the trial court is under a duty to determine, from evidence presented, whether with reference to the charge against the accused, “ * * * the proof is evident or the presumption great.” We think that the admissions of the district attorney were sufficient to require that the court make findings based upon evidence on the question as to whether the proof is evident or the presumption great.
While it is true that in the Losasso case, supra, the court stated that: “ * * * The indictment creates a strong presumption that the prisoner is guilty of the higher crime and not entitled to bail. The burden of overcoming this presumption is cast upon him, * * * ” we must harmonize that statement with other pertinent parts of the opinion, from which we quote the following:
“ * * * But it is universally conceded that the constitutional provision, in effect, though not in words, changes the common law so as to confer an absolute right to bail after indictment in all other felonies. Proofs may be required in determining the amount of bail, but *336 the right thereto is no longer a matter of judicial inquiry or discretion. Is it not equally reasonable, and equally in harmony with established rules of construction, to suppose that a change was also intended in the character of the presumption furnished by the indictment in capital cases? If the common-law rule is so relaxed that what was formerly, at most, a matter of judicial discretion is now a matter of absolute right, may it not be that that which formerly constituted a conclusive presumption should now be regarded as prima facie proof only? The language of the exception itself would seem to sustain this conclusion. It clearly implies an investigation by some tribunal into the sufficiency of the proofs. Bail as a matter of right is denied; but, when some competent authority ascertains by inquiry that the proof is not evident and the presumption not great, its allowance is imperatively commanded. That the tribunal, or authority possessing the power of admitting to bail, should make this inquiry, is not an unreasonable deduction.
* ❖ *
“While the guilt or innocence of the accused is not to be determined, the quantity and character of the proofs on this point are, for the special purpose in hand, necessarily considered. Occasionally much time is thus consumed, and the court’s attention is correspondingly diverted from other business. But these objections cannot avail against a positive constitutional command; if the constitution requires the court to determine for itself whether or not the proof is evident or presumption great in a given case, all considerations of expediency or convenience, however potent they might be at the common law, must give way.”
In the recent case of People v. Spinuzzi, 149 Colo. 391, 369 P. (2d) 427, we considered the question of the right of an accused to bail in a murder case. We said:
“The People assign as error the trial court’s action *337 admitting the defendant to bail pending the trial. Article II, Sec. 19 of the Colorado Constitution provides:
“ ‘All persons shall be bailable by sufficient sureties except for capital offenses, when the proof is evident or the presumption great.’
“The constitutional provision has been interpreted by this Court to mean that bail may be permitted in a capital case where the court finds that the proof is not evident or the presumption of the defendant’s guilt great, and that it is the duty of the court to determine for itself these matters in each case. In re Losasso, 15 Colo. 163, 24 P. 1080, 10 L.R.A. 847.”
The trial court did nothing more than summarily sustain the objections of the district attorney to the request for bail. It did not “determine for itself” from any competent evidence that, “the proof is evident, or the presumption great” that the accused was guilty of the crime charged. The opinions of this court in the Losasso case and the Spinuzzi case contain ample guidance for proper action and the directions therein contained have not been followed in the instant case.
The cause is remanded to the trial court with directions to vacate the order denying the Motion for Bail. It is further ordered that the trial court forthwith conduct a hearing on the question of whether, with reference to the guilt of the accused, “the proof is evident, or the presumption great.” It is further directed that the evidence taken at said hearing be recorded and that findings based thereon be made • — • all to the end that this court may have before it a full record of proceedings in the event that the matter is again presented to us for review by any party who may feel aggrieved by the trial court’s determination.
Mr. Chief Justice Frantz and Mr. Justice Pringle specially concur.
Mr.. Justice Hall and Mr. Justice McWilliams dis *338 sent. Mr. Justice Hall desires that the record express his view that the rule to show cause should not have been issued, and that said rule should now be discharged.